STAPLETON, Circuit Judge, dissenting.
The debtor, MSI, filed a motion in the bankruptcy court “for leave to assume a *122 lease.” After the filing of an answer to that motion, it was the subject of two pretrial conferences and was set for trial on March 16, 1987. A week before trial, the court entered an order directing that the trial would be limited to the issue of “whether there is an existing lease subject to assumption or rejection by the debtor.” The order further provided that if a lease were found to exist, the court would thereafter determine “the effect of an assumption of the lease [upon the debtor] and how the debtor proposes to cure any defaults thereunder.” A.000095.
After trial, the bankruptcy court determined that a lease did exist on the date the petition was filed. However, before it could address the other issues involved in determining whether the “leave to assume the lease” should be granted, GPA filed an appeal to the district court. In doing so, it sought no permission from the district court for an interlocutory appeal and none was granted. The district court affirmed the “opinion and order” of the bankruptcy court and remanded so that that court could decide the motion for leave to assume the lease.
Had GPA successfully sought permission to appeal an interlocutory order to the district court, as I believe it should have done if it wanted immediate review, we would have no jurisdiction to consider the district court’s disposition of the appeal. In re Comer, 716 F.2d 168, 172 (3rd Cir.1983). Both GPA and the district court, however, treated the bankruptcy court’s order regarding the existence of the lease as a final order. GPA accordingly asserts that we have jurisdiction under 28 U.S.C. § 158(d) which gives us jurisdiction to review “all final decisions, judgments, orders, and decrees” entered by a district court that has exercised its appellate jurisdiction over an order of its bankruptcy court. It follows that if either the order of the bankruptcy court finding an existing contract or the order of the district court affirming that view and remanding for action on the pending motion is a non-final order, we have no jurisdiction. I would hold that neither is a final order.
I, of course, acknowledge that our cases have taken a more flexible view of finality in the context of a bankruptcy proceeding than in the context of other civil litigation. As we observed in In re Brown, 803 F.2d 120, 122 (3d Cir.1986), however:
[In re] Marin Motor Oil [ Inc., 689 F.2d 445 (3d Cir.1982) ] and Amatex stand for the proposition that this court must consider finality functionally in bankruptcy cases. 755 F.2d at 1039. Because bankruptcy cases involve numerous parties with different claims, the court must consider the practical consequences of delaying resolution of the issue presented. Where the issue is likely to affect the distribution of the debtor’s assets, or the relationship among the creditors, the most pragmatic response will usually be to hear the appeal immediately.
This does not mean, however, that there are no jurisdictional limits imposed by section 158(d). District courts may hear both final and interlocutory orders from the bankruptcy courts under section 158(a) of the Bankruptcy Code. The circuit courts, on the other hand, are limited to final orders. Congress, therefore, intended to restrict the ability of parties to a bankruptcy proceeding to appeal district court orders.
My concern is that if the two orders underlying this appeal are determined to be final, there will be no jurisdictional limits imposed by section 158(d) in the Third Circuit, and a careful lawyer for the losing party will be constrained to file an appeal whenever an order of a bankruptcy court decides some, but less than all, of the issues on which an application for relief depends.
The issue of whether there was a contract existing at the time of the filing of the petition in this matter has no present significance to the parties to this appeal or to the estate independent of the issue of whether the debtor can assume the lease. The bankruptcy court simply chose to bifurcate the only dispute between the parties into subissues and to resolve one of them before addressing the others. This may well have made sense from a case management perspective, and I do not fault the bankruptcy court for doing so. Nor can I fault GPA for appealing the court’s *123 decision on the first subissue; given this court’s jurisprudence in the area, counsel could simply not assume the risk of losing the client’s right to appeal as a result of a subsequent determination that the order was final and that the time for appeal had expired 30 days thereafter. I do, however, fault the district court for entertaining the appeal. That court did the parties no favor by doing so. If the district court had paused long enough for the bankruptcy court to decide the motion for leave to assume the lease, the only dispute between the parties would now be before us for decision. As it is, the parties face the prospect of a second appeal, from the bankruptcy court’s disposition of the motion and, at the rate this case has been going, they are likely still to be litigating their rather straightforward dispute two years from now.
Today’s decision will have no impact whatever on the debtor, its creditors, or the assets of the estate until there has been further significant fact finding by the bankruptcy court. Moreover, I see no beneficial preclusive effects from today’s decision, and we certainly are not serving the interest of judicial economy if the chances are excellent that both the district court and this court will again be called upon to address the sole dispute between the parties — the assumability of the lease. Thus, none of the relevant factors that we identified in the Meyertech case favor an exercise of jurisdiction in the situation before us.
In this ease, the debtor filed a motion for leave to assume a lease and the bankruptcy court partially decided that request. In the Brown case, the debtor filed an application for an award of damages against a creditor for violating the automatic stay, and the district court decided that an award was appropriate. It remanded, however, for an assessment of the amount of the damages. This court refused to review. Our observations there are equally pertinent here:
In this case, the debtor brought an action ■ against the creditor seeking damages for a violation of the Bankruptcy Code. The bankruptcy court’s decision on the issue will not impact upon the distribution of the debtor’s assets. Requiring the parties to resolve fully this dispute does not ■ present the threat of a later appeal undoing years of bankruptcy proceedings.
To expand the concept of finality to this case would involve an unwarranted step beyond our cases. The district court’s order does not affect either the debtor’s estate or the other creditors involved in the bankruptcy proceeding. Therefore, we hold that where a district court’s order does not affect the distribution of the debtor's assets or the relationship among the creditors, the traditional finality requirements must generally be satisfied before the order is appealable.
As I read the court’s decision today, it rests upon an assumption: if we assume jurisdiction and decide whether there is an existing lease, MSI will be able to “shop the lease,” and this will hasten the day when it can be determined whether a reorganization is feasible. This is at least a debatable assumption and the court makes it without the aid of anything in the record. I think it likely that the contrary assumption is the correct one. The parties and those with whom they may deal want to know whether the lease is assumable; that is the issue the resolution of which may conceivably be crucial to the feasibility of reorganization. While a final resolution of the existence of the lease issue may increase to some degree the ability of the parties to predict how that crucial issue will ultimately be decided, the same can be said for any partial resolution of an issue and substantial uncertainties will remain after today’s decision.
I would refuse to hear this appeal on the authority of Brown. I believe that result would be consistent with our existing circuit jurisprudence.[1] I find myself in the minority on that score, however, and feel compelled to urge that today’s decision be reviewed by the court in banc. I agree *124 with Judge Hutchinson’s concurring opinion in In re BH & P, Inc., 949 F.2d 1300 (3rd Cir.1991); it is time for our court to review our jurisprudence and give some content to the concept of finality in bankruptcy cases. The current situation is intolerable. Surely the appealability of an order should not turn on what the majority of a panel may speculate about the shopa-bility of a lease the assumability of which remains in doubt.
In our eagerness to be flexible and to facilitate reorganizations where they are possible, I fear we have created a situation in which conscientious bankruptcy practitioners will opt to file an appeal from any order that anyone down the line might argue to be “important.” Federal Rule of Appellate Procedure 4(a)(1) provides that “in a civil case in which an appeal is permitted as a matter of right from a district court to a court of appeals, the, notice of appeal shall be filed ... within 30 days after the date of the entry of the judgment or order appealed from.” Thus, if an order deciding any component of a merits issue is a final order and if Rule 4(a)(1) and section 158(d) are read literally, the losing party would appear to be required to appeal immediately or lose the right to appeal. While a literal reading may ultimately be determined to be inappropriate, there is no case in the Third Circuit, or apparently elsewhere, that so holds.[2] Until that issue is authoritatively resolved, careful lawyers may be unwilling to assume the risk that a later opportunity for an appeal will be available. Indeed, it may be that counsel for GPA felt he had no choice but to file an appeal even though he accurately perceived that everyone would be better off to wait until the bankruptcy court had decided the pending motion.
For these reasons, I respectfully dissent and ask that this matter be reviewed by the court in banc.

. One can argue that such a result would conflict with F/S Airlease, but I think the argument is ultimately unpersuasive. In F/S Airlease, the bankruptcy court, acting nunc pro tunc, approved the employment of an agent and awarded the agent a $450,000 fee. Its order was unquestionably a final one (in the sense that it finally determined the propriety of the agency *124 and the fee) and had a large and immediate financial impact on the debtor's estate and the possibility of reorganization. The district court held that the bankruptcy court had properly approved the employment of the agent but that the $450,000 award was insufficiently substantiated. It thus finally determined the propriety of the agency but remanded for reconsideration of the amount of the fee. We found that the portion of the district court’s order approving the agency was "final” and therefore reviewable despite the fact that the issue of the amount of the fee had been remanded. We did so because "the payment of some fee to [the agent] could transform this Chapter 11 reorganization into a Chapter 7 involuntary bankruptcy [and] the fact that determination of the disputed issue may require conversion from one under Chapter 11 to one under Chapter 7 demonstrated that, ’[t]he matter ... is not one that can await final resolution of the bankruptcy proceedings.’ ” 844 F.2d at 104. In the case before us, no court has ever entered anything resembling a final order. Moreover, I certainly am not suggesting that an appeal should await the final resolution of the bankruptcy proceedings; an order finally determining the assumability of the lease will do. Finally, the record here does not support a judicial determination that the existence of the lease will have an effect on the estate equivalent to the threatened Chapter 7 conversion in F/S Airlease.

. Rule 4(a)(1) perhaps can be read to require only that any appeal from the “final” order be taken within 30 days and not to foreclose an appeal from a subsequent order that is "more final” with respect to the issue in dispute. By way of analogy, courts of appeals have read 28 U.S.C. § 1291 (conferring jurisdiction generally to review final orders of the district courts) and Rule 4(a)(1) together to require that orders deemed final under the collateral order doctrine be filed within 30 days but not to foreclose subsequent appellate review after the entry of an order terminating the entire proceeding. See authorities collected in 15A Wright, Miller & Cooper, Federal Practice & Procedure, § 3911, p. 359 n. 78.